UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICK LAVON FLEMING,

               Plaintiff,         Case No. 12-cv-11268
                                        Honorable Robert H. Cleland
                                        Magistrate Judge David R. Grand
v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

              Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DIMISS PLAINTIFF'S COMPLAINT [7]**

**I.    RECOMMENDATION**

This matter is before the court on Defendant Commissioner of Social Security's Motion to Dismiss plaintiff Rick Fleming's complaint, which motion was referred to this court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). The court has determined that oral argument is unnecessary to resolve the motion. For the following reasons, the court **RECOMMENDS GRANTING** defendant's motion **[7]**.

**II.    REPORT**

    **A.    Background**

Fleming brings this action pursuant to 42 U.S.C. § 405(g), challenging a final decision of Defendant Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits ("DIB") under the Social Security Act (the "Act"). Fleming's application for DIB was denied initially, and again after a hearing by an ALJ, in an August 19,

2011 decision. (Def. Mot. Exh. A at 3). Fleming timely filed a request for the Appeals Council to review the ALJ's decision. (*Id.*). On January 12, 2012, the Appeals Council mailed a notice to Fleming, advising him that it had denied his request for review, and explaining "[t]his means that the [ALJ's] decision is the final decision of the Commissioner of Social Security in your case" (the "Notice"). [12 at 15]. The Notice explained:

- You have 60 days to file a civil action (ask for court review)

- The 60 days start the day after you receive this letter. **We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period**

[*Id.* at 16] (emphasis added).

Thus, counting from the Notice's January 12th date, Fleming was put on notice that, unless he showed otherwise, he had until March 19, 2012, to file his complaint.[1] When Fleming filed his complaint on March 21, 2012, the Commissioner responded by filing the instant motion to dismiss, arguing that the complaint was two days late [7]. In his response to that motion, Fleming claims that he actually received the Notice on January 21, 2012, [10-1, Fleming Aff., ¶3], and that therefore, his complaint, filed within 60 days of that date, was timely.

### B.   Legal Standards

Because both parties have submitted affidavits supporting their respective positions, the court must treat the Commissioner's motion as a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). *See also Reeves v. Hogle,* No. 04-147, 2006 WL 572708 at *2 (W.D. Mich. Mar. 8, 2006); *Caley v. Astrue*, No. 11-1146, 2011 U.S. Dist. LEXIS 131127 at *4

---

[1] Commencing the count on January 18, 2012 (the first day after Fleming's presumed receipt of the Notice), the sixtieth day fell on March 17, 2012, a Saturday; therefore, Fleming had until Monday, March 19, 2012, to file his complaint. Fed. R. Civ. P. 6(a)(1)(A)-(C) and Advisory Committee Notes (noting that, pursuant to the 2009 amendments to the rule, all time is computed to include intervening weekends and holidays, unless the deadline falls on a weekend or holiday, and then the deadline falls on the next business day).

(N.D. Ohio Oct. 27, 2011). Rule 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001), *quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558, *quoting Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

**C.** **Analysis**

**i.** **Computation of Time for Social Security Appeals**

Section 405(g) of the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

The term "mailing" in that statute has been interpreted by the Commissioner to mean the date an individual receives notice of the Appeals Council's decision (or in this case, denial of a request for review). *See* 20 C.F.R. §§ 404.981, 422.210(c). However, 20 C.F.R. 411.210(c) (emphasis added) provides:

> For purposes of this section, the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, **unless there is a reasonable showing to the contrary**.

This resulting 65-day statute of limitations serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress [is] able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). Courts strictly construe the statute of limitations in Social Security appeals. "Even one day's delay in filing the action is fatal." *Wiss v. Weinberger*, 415 F.Supp. 293, 294 (E.D. Pa. 1976). *See also Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *Watson v. Comm'r of Soc. Sec.*, No. 1:06–cv–446 (W.D. Mich. Sept. 10, 2007) (appeal dismissed as untimely when filed four days late).

### ii. Satisfying the "Reasonable Showing" Requirement

Case law makes clear that the "reasonable showing" requirement is not satisfied by a claimant's mere assertion, even in a sworn affidavit, that he received the Commissioner's notice after the five-day presumptive receipt date. *See e.g., Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (sworn word alone insufficient to rebut statutory presumption); *Garcia v. Comm'r of Soc. Sec.*, 53 Fed. Appx. 192, 193-94 (3rd Cir. 2002) (affidavits filed by plaintiff and attorney insufficient); *Nichols v. Astrue*, No. 11-124, 2012 U.S. Dist. LEXIS 43363 at *9-12 (D. Nev. Mar. 1, 2012) *adopted by* 2012 U.S. Dist. LEXIS 43364 (D. Nev. Mar. 28, 2012) (affidavit alleging date of receipt insufficient to rebut presumption); *Nielson v. Astrue*, No. 10-4647, 2011 U.S. Dist. LEXIS 61506 at *3-5 (N.D. Ill. June 6, 2011) (*pro se* statement construed as an affidavit insufficient to rebut presumption); *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356-58 (S.D. Ala. 2002) (collecting cases showing that affidavit alone insufficient); *Marte v. Apfel*, No. 96-9024, 1998 U.S. Dist. LEXIS 8078 at *4-7 (S.D.N.Y. June 3, 1998) (affidavit swearing date of receipt insufficient). Rather, he must present actual evidence showing that he received the notice after that "grace period." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432 (6th Cir. 2007).

In *Cook*, the claimant's disability benefits were ultimately denied by the Appeals Council in a notice that was dated July 27, 2005. *Id.* at 434. The notice was apparently mailed to Cook the next day, as it was postmarked July 28, 2005. *Id.* Counting from the notice's date and adding what the Sixth Circuit characterized as the statutory five day "grace period," Cook's complaint was due by Friday, September 30, 2005. *Id.* However, Cook filed his complaint on Monday, October 3, 2005. *Id.* Despite the fact that the notice was postmarked one day after it was prepared, the Sixth Circuit ruled that Cook's deadline was calculated by starting with the notice's date and adding the "five-day 'grace period' before the 60 days began to run, which

reflects the SSA's rebuttable presumption that he received his notice of denial within five days of the date of the notice." *Id.* at 435-36. In rejecting Cook's argument that the postmark date should have been used to calculate his deadline, the Sixth Circuit made clear that it is incumbent upon a claimant who does not receive the notice within five days of its stated date to affirmatively "seek an extension of the time for filing by making a 'reasonable showing' that [he] did not receive [the] notice within the presumptive five-day period." *Id.* at 436 (citing 20 C.F.R. § 422.210(c)).

Although not binding precedent on this court, the *Pettway* decision is also informative as it includes an extensive review of the case law which considered whether particular evidence presented by various claimants satisfied the "reasonable showing" requirement. *See* 233 F. Supp.2d at 1356-57. In *Pettway*, the claimant's presumptive notice receipt date was October 30, 2001, such that her complaint's presumptive due date was December 28, 2001. *Id.* at 1355. But, Pettway's counsel supposedly received the notice on October 31, 2001, which would have made the complaint due on January 2, 2002, the date it was actually filed. *Id.*

The *Pettway* court discussed the type of evidence that generally did, and did not, satisfy the "reasonable showing" required to overcome the 5-day presumptive receipt date. "Courts have repeatedly concluded that a bald denial of a timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption." *Id.* (citing, *e.g.*, *Velez v. Apfel*, 2000 WL 1506193 at \*1 (2nd Cir. Oct. 6, 2000) ("conclusory allegation" of non-receipt does not constitute a reasonable showing); *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997) (plaintiff's "sworn word that he did not receive th[e] notice is not sufficient, by itself, to rebut the statutory presumption"); *Velazquez v. Massanari*, 2002 WL 246760 at \*1 (D. Neb. Feb. 21, 2002) (the "bare assertion" of

delayed receipt "is not the type of 'reasonable showing' contemplated by the applicable regulation.")). *Pettway* also noted the converse; that "[i]n every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt." *Id.* at 1356-57 (collecting cases). In virtually all of those cases, the plaintiff presented solid proof that he had not received the Commissioner's notice within the presumed period. For instance, in *Allen v. Massanari*, 2001 WL 456240 at *2 (N.D. Tex Apr. 27, 2001), adopted 2001 WL 513449 (N.D. Tex. May 10, 2001), the plaintiff submitted a copy of the actual decision which reflected a date later than that asserted by the defendant. In most of the other cited cases in which the claimant prevailed, the defendant admitted mailing the notice to the wrong address, or the plaintiff was able to produce evidence "that reflects the notice was not mailed on or about the date shown on the notice." *Pettway*, 233 F.Supp.2d at 1357, fn. 5.[2]

The *Pettway* court then stated that "[o]f the numerous cases reviewed, the "weakest demonstration deemed to constitute a reasonable showing was provided in *Gower v. Shalala*, [No. 92-0200, 1993 U.S. Dist. LEXIS 21437 at *3-4, *6-7 (N.D. W.Va. Dec. 9, 1993))]." *Id.* In *Gower*, the plaintiff claimed to have received his notice from the Appeals Council beyond the 5-day presumptive period. Gower had made a contemporaneous notation in his calendar recording his receipt of the notice, and had provided a copy of his calendar to the court along with his affidavit. 1993 U.S. Dist. LEXIS 21437 at *3-4. The *Gower* court found the combination of the affidavit and the calendar entry sufficient to rebut the statutory presumption. *Id.* at *6-7.

Returning to its own case, the *Pettway* court suggested that a facially-corroborative

---

[2] The Sixth Circuit seems to interpret the "reasonably showing" requirement more stringently. *See Cook*, 480 F.3d at 436 (utilizing the notice's stated date even where the envelope in which it was mailed was postmarked one day later).

calendar entry may not be "appreciably more probative than a raw ipse dixit." *Pettway*, 233 F. Supp. 2d at 1357. The court then found that issue moot because Pettway's affidavit "offers only to explain how she is able to remember (some eleven months after the fact) the precise date of receipt. Standing alone, the plaintiff's affidavit cannot constitute a reasonable showing of delayed receipt."[3]

### iii. Application to Fleming's Case

Other than citing *Cook* for its black-letter principles, Fleming cites no relevant case law, and simply relies on his affidavit in which he avers that he received the Appeals Council's Notice on January 21, 2012, and contemporaneously "wrote down that [he] had until March 21, 2012…to file a complaint in Federal court." Fleming Aff., ¶4. Fleming did not supply that document to the court.[4] Nor did he provide the court with any other documentary evidence that might support his allegation. Absent any other extrinsic evidence, the case law from the vast

---

[3] Pettway's claim was saved because the Commissioner had mailed the notice to her counsel whose mail clerk had contemporaneously: (1) date-stamped the document upon receipt; and (2) calendared the complaint's due date at that time based on the actual receipt date. The underlying date-stamped document and information regarding the attorney's mail processing procedures were also supplied to the court. *Id.* at 1357-58. The *Pettway* court found that this "corroborating evidence" satisfied the reasonable showing requirement. *Id.* at 1362.

[4] Because Fleming did not attach his alleged "contemporaneous" note, the court need not decide whether such a document would be "appreciably more probative than a raw ipse dixit." *Pettway*, 233 F. Supp. 2d at 1357. However, it seems clear that even had Fleming attached the alleged "contemporaneous" note, that would not, without more, satisfy the "reasonable showing" requirement. Standing alone, such a document adds essentially no probative value to the question of the claimant's actual receipt date because any tardy claimant could easily manufacture the necessary "evidence," say by post-hoc circling a date on a personal calendar. This is precisely why a claimant who receives his notice beyond the 5-day presumptive period is expressly advised that the onus is on him to show the later receipt date. The Notice Fleming received instructed him that the Commissioner would "assume [he] received [the Notice] 5 days after the date on it unless [he] show[ed] [them] that [he] did not …" [12 at 16]. However, rather than raising the matter promptly with the Commissioner, Fleming simply filed a complaint that appeared tardy on its face. That mitigates what may seem a harsh result for a claimant whose complaint was filed only two days late. *See also supra* at 4 (cases affirming dismissal of complaints that were one day late).

majority of courts in this and other circuits makes clear that Fleming's affidavit, standing alone, does not constitute a "reasonable showing" that he received the Notice outside the presumptive five-day period. *Supra* at 5-7.

Finally, Fleming argues that because the Martin Luther King, Jr. federal holiday (during which mail is not delivered) fell on January 16, 2012 – in between the January 12 Notice mailing date and January 17 presumptive receipt date – he has made the necessary "reasonable showing" for the court to accept his alleged January 21, 2012 receipt date. [10 at 4-5]. However, Fleming cites no legal authority for this argument, which has been rejected by numerous courts. *See Cook*, 480 F.3d at 436 (noting that five days is "generous" and that applicants who receive their mail beyond the five days for reasons such as slow mail delivery can seek an extension of time, but such evidence does not constitute a reason to alter the calculation of time contemplated by 20 C.F.R. § 422,210(c)); *Burton v. Comm'r of Soc. Sec.*, No. 10-14040, 2011 U.S. Dist. LEXIS 97656, at *2-4 (E.D. Mich. Feb. 25, 2011) (intervening weekends and holidays count toward the statute of limitations and render a late filing untimely). In short, the mere fact that a federal holiday fell during the presumptive 5-day period is not sufficient to establish that Fleming received the Notice outside that period.

Since Fleming is deemed to have received the Notice no later than January 17, 2012, his complaint was due on March 19, 2012. *Supra*, fn. 1. The Commissioner is correct that Fleming's complaint, filed on March 21, 2012, is tardy and should be dismissed.

### iv. Equitable Tolling

Fleming also argues that equitable tolling should apply to his case. In determining whether to grant equitable tolling, the court considers the following factors:

> (1) the petitioner's lack of actual notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

9

> diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim."

*Cook*, 480 F.3d at 437. Here, Fleming asserts only that he diligently pursued his rights in that, upon receipt of the notice, he "ensured that [he] gathered [his] materials and prepared the documents [he] needed in order to file [his] case, and brought these materials to the courthouse on March 21, 2012." In addition, he argues that the Commissioner could not allege prejudice as his complaint was filed only two days after the presumptive filing deadline. These arguments are not persuasive.

Similar to the plaintiff in *Cook*, 480 F.3d at 437, Fleming has not alleged that he lacked actual or constructive notice of the filing requirement. Nor could he, as the Notice he acknowledges receiving specifically set forth the presumptive receipt date and applicable deadlines that would apply unless he affirmatively showed a different receipt date. Nor has Fleming showed that the diligence factor cuts in his favor. Though he was advised that he needed to affirmatively show the Commissioner why a receipt date other than the presumptive one ought to apply, he took no steps to do so. *Id.* He never sought an extension from the Appeals Council, never raised his alleged receipt date in his complaint, and simply filed a complaint that was tardy on its face. *Id.* While he may have been diligent in gathering documents, he was not diligent with respect to the salient issue – assuring that his complaint was timely filed. Finally, while generally a two-day delay in filing may cause little prejudice to a defendant, as the court in *Cook* stated, "we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system." *Id.* For this reason, cases that are filed even one day late must be dismissed. *See supra* at 4.

### III.     CONCLUSION

For the reasons set forth above, the court **RECOMMENDS** that Defendant's Motion to Dismiss **[7]** be **GRANTED**.

Dated: October 29, 2012                    s/David R. Grand
Ann Arbor, Michigan                         DAVID R. GRAND
                                            United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is

11

2:12-cv-11268-RHC-DRG Doc # 13 Filed 10/29/12 Pg 12 of 12 Pg ID 80

otherwise no page limitation.

## CERTIFICATE OF SERVICE

   The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 29, 2012.

                s/Felicia M. Moses
                FELICIA M. MOSES
                Case Manager