**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICK LAVON FLEMING,

    Plaintiff,

v.                                    Case No. 12-11268

MICHAEL J. ASTRUE,

    Defendant.
                                                  /

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND GRANTING DEFENDANT SUMMARY JUDGMENT**

Plaintiff Rick Fleming objects to a magistrate judge's report recommending an immediate end to this action, an appeal of a denial of Social Security disability benefits. The magistrate judge concluded that a period of limitation bars the appeal. A party may demand a *de novo* review by the district court of only the parts of a report to which the party explicitly objects, 28 U.S.C. § 636(b)(1), and Plaintiff raises only one objection: he argues that the magistrate judge should have recommended an equitable tolling of the pertinent limitation. The matter is fully briefed, and no hearing is needed. *See* E.D. Mich. LR 7.1(f)(2).

The governing regulation, 20 C.F.R. 422.210(c), requires a claimant to begin a federal action within sixty days of receiving a denial of benefits. A claimant can apply in advance to extend the limitation, and he can toll the limitation by proving that he did not receive the denial punctually. In the absence of these two exceptions, however, the regulation presumes that a claimant receives a denial in the mail five days after the

denial issues. *Id.* So, typically, a claimant has sixty-five days to sue. Plaintiff began this action more than sixty-five days after the denial issued but exactly sixty days after the day that, according to Plaintiff, the denial arrived in the mail. No evidence confirms that the denial arrived late; but, seeking to toll the limitation based on equity rather than under the regulation, Plaintiff asserts that he pursued his rights diligently and, while acting *pro se*, excusably miscalculated his deadline.

As the magistrate judge thoroughly explained, under Section 422.210(c), a claimant must present compelling evidence establishing that a denial arrived late. (R&R 5-8, Dkt. # 13.) Although equity may overcome Section 422.210(c)'s limitation, *see Cook v. Comm. of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007), there is nothing equitable about allowing Plaintiff to use equity merely to evade his evidentiary burden under the regulation. Equity follows the law, 1 J. Pomeroy, *Treatise on Equity Jurisprudence* § 425 (3d ed. 1905); the law requires Plaintiff to prove that the denial arrived late; and Plaintiff failed to prove when the denial arrived. Plaintiff's case for equitable tolling—that Plaintiff mistakenly but excusably calculated the sixty-day limitation starting from the late arrival of the denial—is based on the faulty premise that Plaintiff may simply declare that the denial arrived late. He may not.

In any event, even if, as Plaintiff claims, the denial arrived nine days after it issued, the limitation should still apply. The denial notified Plaintiff of the typical sixty-five day limitation. (Dkt. # 12 at 16.) To avoid a mistake arising from confusion about the limitation, Plaintiff needed only to contact the Social Security Administration (as the denial invited him to do), obtain counsel (as he eventually did), or, most obvious of all, not wait until the end of the limitation period to begin an action. Plaintiff's proceeding

without a lawyer provides Plaintiff no excuse for his failing to act reasonably. *See Keeling v. Warden, Lebanon Correctional Inst.*, 673 F.3d 452, 464 (6th Cir. 2012); *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003). Accordingly,

IT IS ORDERED that Plaintiff's objection [Dkt. # 14] is OVERRULED, that the report and recommendation [Dkt. # 13] is ADOPTED in full, that the Commissioner of Social Security's motion to dismiss [Dkt. # 7] is GRANTED, and that summary judgment is GRANTED in favor of the Commissioner of Social Security.[1]

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: December 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 31, 2012, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[1] The Commissioner erroneously seeks to dismiss the action under Rule 12(b)(1) for lack of subject matter jurisdiction. "The 60-day limit for seeking judicial review of an adverse Social-Security-benefits determination is not jurisdictional[.]" *Cook*, 480 F.3d at 435. Because each party submitted a supporting affidavit, the magistrate judge applied Rule 12(d) and construed the Commissioner's motion to dismiss as a motion for summary judgment.

C:\Documents and Settings\wagner\Local Settings\Temp\notes6030C8\12-11268.FLEMING.AdoptR&R.ckb.wpd